RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 7 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GARY J. MITCHELL<br>Plaintiff,<br>v.<br>PROFESSIONAL PARKING MANAGEMENT CORPORATION<br>Defendants, | CASE NO.<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes  ☐ No<br><br>1:24-CV-5138 |

**Introduction**

1. This is a civil action for actual, statutory damages and cost brought by Gary J Mitchell Jr ("Plaintiff") an individual consumer, against defendant, PROFESIONAL PARKING MANAGEMENT CORPORATION ("PPMC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**Jurisdiction**

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d) and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("PRRs") and Daniel B Kelley Attorney at Law LLC transact business in Atlanta, Fulton County, Georgia.

COMPLAINT FOR A CIVIL CASE - 1

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

**Parties**

4. Plaintiff, Gary J Mitchell Jr is a natural person and consumer as defined by 15 U.S.C § 1681 a(c), residing in Gwinnett County, Georgia.

5. Professional Parking Management is a corporation, authorized to conduct business in the State of Georgia.

6. Defendant PRRS., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due. The alleged debt arose from obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

7. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

**Factual Allegations**

8. Defendants PPMC,(hereinafter referred to as "Debt Collector") are "debt collectors" as defined by the FDCPA, 15 U.S.C 1692a(6)

9. On or about September 2024, Mr. Mitchell received a letter from PPMC attempting to collect on a debt that arose from an alleged parking violation which occurred on September 14th 2024. The defendant alleged that the Plaintiff parked on private property on the date of issuance and was in breach of the posted rules of the parking lot without paying the agreed upon fee to park and due to this breach, the Plaintiff owed an alleged balance of $85.00.

10. The parking lot offered a parking spot to all comers for a fee and noted a penalty for failing to pay the fee. Mr. Mitchell accepted this offer and thus formed a contract with the owner of the lot when he parked in the lot. The obligation to pay $85 to the defendant PPMC is premised entirely on that contract. PPMC is therefore attempting to collect a debt on behalf of its client and its attempts are regulated by the FDCPA'S protections. *See Carmen Franklin, et al v. Parking Revenue Recovery Servi, et al Court Of Appeals 7th Circuit.*

11. The plaintiff mailed a letter off to PPMC on or around October 11th 2024 stating that he refused to pay the debts on file pursuant to 15 U.S.C 1692c(c). (See Exhibit A)

12. PPMC received the refusal to pay letter on October 15th 2024. (See Exhibit B).

13. On or around October 30th 2024 the plaintiff received another letter from the defendant trying to collect on the same debt that he sent the letter stating that he refused to pay the debt in violation of 15 U.S.C 1692c(c). (See Exhibit C).

14. According to 15 U.S.C 1692c(c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15. Plaintiff has the interest and right to be free from deceptive, misleading collection efforts.

16. Plaintiff has the interest and right to be free from harassment due to debt collectors trying to collect on an "alleged" debt.

17. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived plaintiff of their rights was directed by Defendants to plaintiff specifically.

18. Plaintiff's injury is directly traceable to Defendants conduct because if it wasn't for the Defendants conducts, Plaintiff would not have been deprived of his rights.

19. Defendant PPMC caused the Plaintiff emotional distress, mental anguish, Loss of time due to learning how to defend himself against the Defendants which also resulted in loss of income, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt without regard for the law, fear due to using false deceptive means to collect on an alleged debt which has led to sleepless nights, and psychological harm.

20. The Plaintiff request that defendant compensate him for damages due to the FDCPA violation(s) under 15 USC § 1692k.

21. Plaintiff justifiably fears that, absent this court's intervention, the defendants will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts.

22. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

23. A favorable decision herein would redress Plaintiffs injury with money damages.

24. A favorable decision herein would server to defer Defendant from further similar conduct.

**Count 1 Violation of the Fair Debt Collection Practices Act**

### (PPMC)

25. Plaintiff reincorporates by referencing all the preceding paragraphs.

26. According to 15 U.S.C 1692c(c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

27. Defendant, PPMC, violated the Fair Debt Collection Practices Act as follows:

28. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice that the plaintiff refuses to pay the debt.

29. Defendant PPMC, caused the Plaintiff emotional distress, mental anguish, Loss of time due to learning how to defend himself against the Defendant, invasion of privacy, anxiety due to efforts to try and collect this "alleged debt without regard for the law, fear due to harassment which has led to sleepless nights, and psychological harm.

30. As a result of the above violations of the FDCPA, Defendant are liable to the the Plaintiff for the following

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

COMPLAINT FOR A CIVIL CASE - 5

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court may deem just and proper.

### Jury Demand and Prayer For Relief

Wherefore Plaintiff, Gary J Mitchell Jr respectfully demands a trial by Jury and request that judgement be entered in favor of the Plaintiff against the Defendants for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S,C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3); E. For such other and further relief as the Court may deem just and proper.

Date:   11/04/2024

YOUR NAME: Gary Mitchell

1647 Watersprings Way
Dacula Ga, 30019

EMAIL: gmitch1647@gmail.com

Phone Number: 4709813826

COMPLAINT FOR A CIVIL CASE - 6

Gary Mitchell

1647 Watersprings Way Dacula Ga 30019

Birthdate 01/05/1994

To: Professional Parking Management

POBox 350218 Fort Lauderdale, Fl 33335

This letter is regarding the debts with the notice numbers **244-878-560 and 946-861-771. For any and all debts on file, I refuse to pay the debts.**

**Thank you,**

**Gary Mitchell**

**Tracking Number:**

# 9405511105501055897816

Copy    Add to Informed Delivery

### Latest Update

Your item has been delivered and is available at a PO Box at 10:38 am on October 15, 2024 in FORT LAUDERDALE, FL 33335.

**Get More Out of USPS Tracking:**
USPS Tracking Plus®

### ✓ Delivered
Delivered, PO Box
FORT LAUDERDALE, FL 33335
October 15, 2024, 10:38 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

Remove ✕

Feedback

PROFESSIONAL PARKING MANAGEMENT
PO BOX 350218
FORT LAUDERDALE FL 33335


PROFESSIONAL

PARKING CHARGE      85 00

GARY MITCHELL
1647 WATER SPRINGS WAY
DACULA GA 30019 7634

NOTICE NUMBER  946-861 771
NOTICE DATE.   09/18/2024
PLATE.         SEP5038
STATE          GA
ENTRY TIME.    09/1: 2024 9 07PM
EXIT TIME      09 1: 2024 11 04PM

## PARKING CHARGE NOTICE

This vehicle parked at 1115 HOWELL MILL RD NW, ATLANTA, GA 30318 has an outstanding balance In accordance with the terms and conditions of the Parking Contract clearly displayed at the parking facility, the sum of $85.00 plus any applicable state sales tax and/or parking surcharge is due

FAILURE TO PAY THIS PARKING CHARGE NOTICE MAY RESULT IN THIS MATTER BEING REFERRED TO COLLECTIONS.

To make your payment, please visit our secure website **www.parkinginvoice.com** You may also pay through our automated payment line (844) 996-1454, or by mailing a check to Professional Parking Management PO Box 350218 , Fort Lauderdale, FL 33335. You will be charged a $4 99 convenience fee for all online and telephone payments



Important: This notice is an attempt to collect a debt, and any information obtained will be used for that purpose. You have the right to dispute the debt. Disputes can be made online at www.parkinginvoice.com. If you have already sent payment, please disregard this notice.